No. 25-1374

In the
United States Court of Appeals
For the Sixth Circuit

# AMY JOHNSON

**Plaintiff-Appellant,**

v.

# BENDER MANAGEMENT, LLC,

**Defendant-Appellee,**

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 24-CV-01106
The Honorable Paul L. Maloney

## BRIEF OF APPELLANT AMY JOHNSON

### Oral Argument Requested

Carla D. Aikens
Rejanaé M. Thurman
Carla D. Aikens, P.L.C.
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
rejanae@aikenslawfirm.com
(844)835-2993                                            Dated: June 19, 2025

# **TABLE OF CONTENTS**

| | |
|---|---|
| INDEX OF AUTHORITIES | 3 |
| STATEMENT REQUESTING ORAL ARGUMENT | 4 |
| JURISDICTIONAL STATEMENT | 5 |
| STATEMENT OF ISSUES FOR REVIEW | 6 |
| STATEMENT OF THE CASE | 7 |
| SUMMARY OF THE ARGUMENT | 9 |
| ARGUMENT | 10 |
|    A. The District Court Erred in Granting Judgment on the Pleadings Where Plaintiff Was Not Required to Plead a Prima Facie Case of Discrimination Under McDonnell Douglas to Survive Dismissal. | 10 |
|    B. The District Court Erred in Dismissing Plaintiff's Race Discrimination Claim Despite Sufficient Factual Allegations Supporting a Plausible Inference of Discrimination. | 11 |
|    C. The District Court Erred in Dismissing Plaintiff's Retaliation Claim Where She Alleged Opposition to Improper Directives and Resulting Adverse Action. | 12 |
|    D. The District Court Abused Its Discretion by Dismissing the Complaint Without Granting Leave to Amend. | 13 |
| CONCLUSION AND REQUESTED RELIEF | 15 |
| ADDENDUM | 17 |
| CERTIFICATE OF COMPLIANCE | 18 |
| CERTIFICATE OF SERVICE | 19 |

# INDEX OF AUTHORITIES

**Cases**

*Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) ................................10
*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020), ..............14
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...........................................12
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ......14
*Foman v. Davis*, 371 U.S. 178, 181–82 (1962).......................................................14
*Jackson v. Genesee Cnty. Road Comm'n*, 2021 WL 2155045 (6th Cir. May 27, 2021) ......................................................................................................................13
*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007).....10
*Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ......................................11
*Redlin v. Grosse Pointe Public Sch. Sys.*, 921 F.3d 599, 614 (6th Cir. 2019) ........13
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ..................................................9
*W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014)..................................................................................................10

## **STATEMENT REQUESTING ORAL ARGUMENT**

Pursuant to Sixth Circuit Rule 34(a), Plaintiff-Appellant Amy Johnson respectfully requests that the Court grant oral argument in this appeal. The district court's decision granting judgment in favor of Defendant and the legal issues raised in the Court's decision, warrant oral argument with this Court.

## **JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. 1291. On March 19, 2025, the district court entered an opinion and order granting judgment in Defendant's favor. (Opinion, R.19, PageID.137-145; Judgment, R.20, PageID.146). With that final order standing, Plaintiff timely filed the instant appeal. (Notice of Appeal, R.21, PageID.147).

## **STATEMENT OF ISSUES FOR REVIEW**

1. Whether the district court erred in granting judgment on the pleadings.

    Plaintiff-Appellant says:             Yes.

    Defendant-Appellee likely says:       No.

2. Whether the district court erred in dismissing Plaintiff's claim of race discrimination.

    Plaintiff-Appellant says:             Yes.

    Defendant-Appellee likely says:       No.

3. Whether the district court erred in dismissing Plaintiff's retaliation claim.

    Plaintiff-Appellant says:             Yes.

    Defendant-Appellee likely says:       No.

4. Whether the district court abused its discretion by dismissing Plaintiff's complaint without granting leave to amend.

    Plaintiff-Appellant says:             Yes.

    Defendant-Appellee likely says:       No.

## STATEMENT OF THE CASE

Plaintiff-Appellant is an African American woman and one of the only minority employees at her workplace. (R.1, Plaintiff-Appellant's Complaint at ¶ 6, , PageID.2). She began her employment with Defendant as an Assistant Manager at Lakeview Apartments in Kalamazoo and was subsequently promoted to Community Manager at Fox Grove Apartments in Battle Creek. (*Id*.). Throughout her tenure, Plaintiff-Appellant consistently received promotions, bonuses, and favorable performance evaluations. (*Id*. at ¶ 19-22, PageID.4). She was never subjected to any disciplinary action or formal complaints. (*Id*.).

In late June 2023, Plaintiff-Appellant had a disagreement with her supervisor, Katelyn Hodge, a white woman, regarding workplace compliance issues. (*Id*. at ¶ 7, PageID.3). Specifically, Plaintiff-Appellant objected to Hodge's directive to install a water heater without a required permit and insisted on following company policy and applicable regulations. (*Id*. at ¶ 8, PageID.3). Although Plaintiff-Appellant initially believed the matter was resolved, she soon began to experience what she perceived to be retaliatory conduct and escalating harassment by Hodge. (*Id*. at ¶ 9, PageID.3). This included repeated phone calls to verify Plaintiff-Appellant's presence at work, unwarranted accusations that her boyfriend was performing her job duties, and the appearance of a fake negative Google review, which Plaintiff-

Appellant believes was part of the campaign to undermine her. (*Id*. at ¶ 10-13, PageID.3).

On or about July 23, 2023, Plaintiff-Appellant's brother passed away. She took bereavement leave on July 24 and 25, and upon returning to work on July 26, informed Hodge that she needed additional days off, which she took on July 27 and 28. (*Id*. at ¶ 15-16, PageID.3). Plaintiff-Appellant returned to work on July 31. On August 1, 2023, she was terminated by Defendant-Appellee, allegedly for unprofessionalism, attendance issues, and poor performance. (*Id*. at ¶ 17, PageID.4). Plaintiff-Appellant strongly disputes these reasons, asserting that she was professional, only missed approved days, and had no record of prior discipline or performance issues. (*Id*. at ¶ 19, PageID.4). She further contends that other non-minority employees with performance concerns were treated more favorably and allowed to remain employed. (*Id*. at ¶ 23, PageID.4).

Following her termination, Hodge made false and disparaging comments to third parties and tenants about Plaintiff-Appellant's performance and the reasons for her termination. (*Id*. at ¶ 18, PageID.4). Plaintiff-Appellant filed this action alleging claims under Title VII of the Civil Rights Act of 1964, the Michigan Elliott-Larsen Civil Rights Act (ELCRA), 42 U.S.C. § 1981, and Michigan public policy. (*Id*. at ¶ 25, PageID.5). Specifically, Plaintiff-Appellant asserted race discrimination,

retaliation, and wrongful discharge in violation of public policy. (*Id*.) Defendant-Appellee moved for judgment on the pleadings, and the district court granted the motion, dismissing Plaintiff-Appellant's complaint in its entirety before any discovery had been conducted.

As a result, the only factual record before the Court consists of the well-pleaded allegations of Plaintiff-Appellant's complaint, which must be accepted as true for purposes of reviewing the dismissal.

## SUMMARY OF THE ARGUMENT

The district court erred in granting Defendant-Appellee's Motion for Judgment on the Pleadings because Plaintiff-Appellant's complaint satisfies the pleading standards required under Federal Rule of Civil Procedure 8. Plaintiff-Appellant was not required to plead a prima facie case of discrimination to survive dismissal at this stage, as established by the U.S. Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The complaint alleges detailed and plausible facts supporting claims of race discrimination, retaliation, and wrongful termination in violation of Michigan public policy. Because the case was dismissed prior to the start of discovery, the court was required to accept all well-pleaded factual allegations as true and construe them in Plaintiff-Appellant's favor. In doing so, the court should have found that Plaintiff-Appellant's claims were sufficiently pled to proceed beyond the pleading stage.

# ARGUMENT

This court reviews de novo an order dismissing an action under Rule 12(c) of the Federal Rules of Civil Procedure, *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014), and apply the same review standard as for review of a Rule 12(b)(6) motion to dismiss. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment" as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478 (6th Cir. 1973)). To survive a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007))).

 A. **The District Court Erred in Granting Judgment on the Pleadings Where Plaintiff Was Not Required to Plead a Prima Facie Case of Discrimination Under McDonnell Douglas to Survive Dismissal.**

The district court erred in requiring Plaintiff-Appellant to plead a prima facie case of discrimination under the McDonnell Douglas framework at the pleading stage. The U.S. Supreme Court expressly rejected such a requirement in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), holding that an employment discrimination complaint "need not include such facts" and instead must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 508 (quoting Fed. R. Civ. P. 8(a)(2)). The Sixth Circuit continues to follow this standard, affirming that the *McDonnell Douglas* burden-shifting framework is an evidentiary model, not a pleading requirement. See *Keys v. Humana, Inc*., 684 F.3d 605, 609 (6th Cir. 2012).

By evaluating Plaintiff-Appellant's claims as if she were required to establish a prima facie case at the pleading stage, the district court applied the wrong legal standard and prematurely resolved factual questions reserved for summary judgment or trial. This misapplication of law alone warrants reversal.

### B. The District Court Erred in Dismissing Plaintiff's Race Discrimination Claim Despite Sufficient Factual Allegations Supporting a Plausible Inference of Discrimination.

Plaintiff-Appellant alleged ample facts to support a plausible inference that race was a motivating factor in her termination. Plaintiff-Appellant, one of the only African American employees at her worksite, alleged that she had a clean

employment record, received multiple promotions and bonuses, and had no prior disciplinary issues. She was terminated shortly after a workplace disagreement with her white supervisor regarding adherence to policy and lawful procedures.

Following this disagreement, Plaintiff-Appellant alleged she was subjected to unusual scrutiny and false allegations, including accusations that her boyfriend was performing her job duties. She also alleged a false review was published about her online, which she reasonably believed was orchestrated by or in response to this conflict. While Plaintiff-Appellant was terminated for pretextual reasons—including "unprofessionalism" and "attendance issues"—similarly situated white employees with documented performance problems were allowed to remain employed.

These allegations go well beyond speculative conclusions and are sufficient to nudge Plaintiff-Appellant's race discrimination claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The district court failed to view the complaint in the light most favorable to Plaintiff-Appellant and improperly weighed inferences, a task reserved for a later stage in litigation. Its dismissal of the discrimination claims under Title VII, ELCRA, and 42 U.S.C. § 1981 was in error.

### C. The District Court Erred in Dismissing Plaintiff's Retaliation Claim Where She Alleged Opposition to Improper Directives and Resulting Adverse Action.

Plaintiff-Appellant also sufficiently alleged that she engaged in protected activity and was subjected to retaliatory treatment. Her complaint stated that she opposed improper directives from her supervisor, including a directive to install a water heater without the required permit—a refusal she based on her good faith belief that the directive was improper and possibly unlawful. This is protected opposition under both Title VII and the ELCRA. See *Jackson v. Genesee Cnty. Road Comm'n*, 2021 WL 2155045 (6th Cir. May 27, 2021) (unpublished) (holding that opposition to perceived unlawful conduct in good faith is protected, even if not expressed in legal terms).

The complaint further alleged that following this protected opposition, Plaintiff-Appellant experienced heightened surveillance, unfounded allegations, and ultimately termination. These facts support a causal connection between her protected activity and the adverse action and suffice to support a plausible retaliation claim. *Redlin v. Grosse Pointe Public Sch. Sys.*, 921 F.3d 599, 614 (6th Cir. 2019). The district court erred in dismissing these claims prior to discovery, which is particularly critical in retaliation cases where intent and pretext are often proven circumstantially.

### D. The District Court Abused Its Discretion by Dismissing the Complaint Without Granting Leave to Amend.

The district court abused its discretion by dismissing Plaintiff-Appellant's complaint without granting leave to amend, despite Plaintiff-Appellant's clear

request under Rule 15(a) to amend the complaint in lieu of dismissal. While the court noted that Plaintiff-Appellant's request was not presented in a standalone motion, stating, "That's not a proper motion," and citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020), this overly rigid procedural view ignores the liberal standard of Rule 15, which favors amendment when justice so requires.

The district court's reliance on *Bates* is misplaced. In *Bates*, the plaintiff never formally requested leave to amend in any form. Here, by contrast, Plaintiff-Appellant expressly requested leave to amend in her opposition brief, and did so before the court issued its ruling. This distinguishes the present case from *Bates*, where no attempt to cure deficiencies was made pre-dismissal.

Moreover, the district court made no finding that amendment would be futile. It dismissed the claims with based on alleged pleading deficiencies without allowing Plaintiff-Appellant an opportunity to clarify or supplement her allegations. The Sixth Circuit has held that "[dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiffs cannot be expected to anticipate precisely how a court will evaluate the sufficiency of their complaint before the court issues a decision.

The Federal Rules of Civil Procedure favor resolving cases on their merits rather than on technical or procedural grounds. See *Foman v. Davis*, 371 U.S. 178,

181–82 (1962). By dismissing the complaint with prejudice without addressing whether the deficiencies could be cured through amendment, the court foreclosed any opportunity for Plaintiff-Appellant to be heard fully. This contravenes the purpose of Rule 15(a)(2), which instructs that leave to amend should be freely given when justice so requires.

This error was particularly significant because the case was dismissed before discovery. Plaintiff-Appellant's allegations, accepted as true and viewed in the light most favorable to her, plausibly stated claims for relief. The court's decision to dismiss the complaint without permitting any opportunity to amend or develop the record through discovery was a clear abuse of discretion and should be reversed.

## **CONCLUSION AND REQUESTED RELIEF**

WHEREFORE, Plaintiff-Appellant respectfully request this Honorable Court **REVERSE** the District Court's Opinion and Order Granting Defendant's Motion for l Judgment on the Pleadings, **VACATE** the Judgment, and **REMAND** for further proceedings.

Dated: June 18, 2025                                        Respectfully Submitted,

/s/ *Rejanaé M. Thurman*
Carla D. Aikens (P69530)
Rejanae M. Thurman (P85701)
CARLA D. AIKENS, P.L.C.
Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226

carla@aikenslawfirm.com
rejanae@aikenslawfirm.com

Case: 25-1374 Document: 12 Filed: 06/19/2025 Page: 16

# ADDENDUM

## DEISNGATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Entry No. | Document Description | Page Number of Electronic Record |
|---|---|---|
| R. 1 | Plaintiff's Complaint | PageID.1-14 |
| R. 8 | Defendant's Rule 12(C) Motion for Judgment on the Pleadings | PageID.47-61 |
| R. 15 | Plaintiff's Response in Opposition to Defendant's Motion For Judgment on the Pleadings | PageID.120-124 |
| R. 18 | Reply Brief in Support of Defendant's Rule 12(C) Motion For Judgment on the Pleadings | PageID.131-136 |
| R. 19 | Order Resolving Motion for Judgment on the Pleadings | PageID.137-145 |
| R. 20 | Judgment | PageID.146 |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type volume limitations pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains words of 2,710 Times 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word.

Dated: June 19, 2025

/s/ *Rejanaé M. Thurman*
Carla D. Aikens (P69530)
Rejanae M. Thurman (P85701)
CARLA D. AIKENS, P.L.C.
Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
rejanae@aikenslawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through the electronic filing system on June 19, 2025 by:

*/s/ Carla D. Aikens*

CARLA D. AIKENS, P.L.C.
Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
