No. 25-1374

_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

AMY JOHNSON,
Plaintiff-Appellant,

v.

BENDER MANAGEMENT, LLC,
Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 24-CV-01106
The Honorable Paul L. Maloney

_____

## APPELLEE BENDER MANAGEMENT, LLC'S BRIEF ON APPEAL

Jesse L. Roth, Esq.
Avraham M. Weiss, Esq.
MADDIN HAUSER ROTH & HELLER, P.C.
One Towne Square, Fifth Floor
Southfield, Michigan 48076
(248) 351-7010
jroth@maddinhauser.com
Attorneys for Defendant-Appellee Bender Management, LLC

Dated: July 11, 2025

## <u>CORPORATE DISCLOSURES</u>

I.    Pursuant to Sixth Circuit Rule 26.1, Bender Management, LLC makes the following disclosures:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?

<u>Answer</u>:    No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

<u>Answer</u>:    No.

Maddin Hauser Roth & Heller, PC


By: <u>*/s/ Jesse L. Roth (P78814)*</u>
Jesse L. Roth (P78814)
Avraham M. Weiss (P83489)
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7010
jroth@maddinhauser.com
Attorneys    for    Defendant-Appellee
Bender Management, LLC

Dated:  July 11, 2025

# TABLE OF CONTENTS

CORPORATE DISCLOSURE…………………………………………………..i

TABLE OF CONTENTS………………………………………………………...ii

TABLE OF AUTHORITIES…………………………………………………....iii

STATEMENT OF JURISDICTION………………………………………………iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT…………………………..v

STATEMENT OF ISSUE PRESENTED FOR REVIEW………………………....vi

STATEMENT OF THE CASE………………………………………………..1

SUMMARY OF THE ARGUMENT…………………………………………5

STANDARD OF REVIEW…………………………………………………...6

ARGUMENT…………………………………………………………………7

   I.  The trial court did not err in ruling that Ms. Johnson failed to state a claim .........................................................................7

      A.  A complaint must allege specific facts that give rise to a reasonable inference of liability .......................................7

      B.  The factual allegations in Ms. Johnson's Complaint do not support a reasonable inference of racial discrimination.................8

      C.  The factual allegations in Ms. Johnson's Complaint do not support a reasonable inference of unlawful retaliation .................13

   II.  Ms. Johnson did not make a proper motion to amend the Complaint, and the trial court was within its discretion when it denied her request to amend .........................................15

CONCLUSION ...................................................................17

CERTIFICATE OF COMPLIANCE....................................................20

DESIGNATION OF RECORD ON APPEAL .......................................21

CERTIFICATE OF SERVICE .........................................................22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009…………………………………...5, 7

*Bates v. Green Farms Condominium Association*, 958 F.3d 470, 479 (6th Cir. 2020)………………………………………………………………………....6

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)……………………………………………………....5, 7, 8, 9, 13, 15, 17, 18

*Downs v. Bel Brands USA, Inc.*, 613 Fed. Appx. 515, 519 (6th Cir. 2015)…………………………………………………………………………..13

*Han v. University of Dayton*, 541 Fed. Appx. 622, 627 (6th Cir. 2013)…………………………………………………………………………..13

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)……….7

*House v. Rexam Beverage Can Co.*, 630 Fed. Appx. 461, 464 (6th Cir. 2015)…………………………………………………………………………..13

*Jackson v. Genesee County Road Commission*, 999 F.3d 333, 343 (6th Cir. 2021)…………………………………………………………………………..13

*Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999)……………10

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012)………………………8

*Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)…………………………………………………………………………..15

*La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)…………………………………………………………………………..15

*McPherson v. Kelsey*, 125 F.3d 989, 995 – 96 (6th Cir. 1997)………..9, 14

*Mitchell v. City of Benton Harbor, Michigan*, 137 F.4th 420, 442 (6th Cir. 2025)……………………………………………………………………..16

*Parker v. Hankook Tire Manufacturing Tennessee, LP*, No. 23-5208, 2023 WL 10404971 at *3 (6th Cir. Dec. 21, 2023)………………………..12

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)……………………………………………………………………………….6

*Redlin v. Grosse Pointe Public School System*, 921 F.3d 599, 613 (6th Cir. 2019)…………………………………………………………………….14

*Smith v. Wrigley Manufacturing Co., LLC*, 749 Fed. Appx. 446, 447 (6th Cir. 2018)…………………………………………………………………..12

*Swanigan v. FCA US LLC*, 938 F.3d 779, 789 – 90 (6th Cir. 2019)……16

*16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B*, 727 F.3d 502, 504 (6th Cir. 2013)……………………………………………………….17

**Rules**

Fed. R. App. Pro. 32(a)(7)(B) …………………………………………………..20

Fed. R. Civ. P. 12(c) ……………………………………………………………….6

Fed. R. Civ. P. 8……………………………………………………………………..7

Sixth Circuit Rule 26.1 ………………………………………………………… i

**Statutes**

42 U.S.C. § 2000e-2(a)(1).

42 U.S.C. § 2000e-3(a)……………………………………………………………13

**Other Authorities**

Mich. Compl. Laws § 37.2701(a) ……………………………………………13

## <u>JURISDICTIONAL STATEMENT</u>

Bender Management, LLC does not contest Amy Johnson's statement of jurisdiction.

## STATEMENT ON ORAL ARGUMENT

Bender Management, LLC agrees with Amy Johnson's statement requesting oral argument.

## **STATEMENT OF ISSUES**

I.    Did the trial court correctly dismiss Amy Johnson's complaint for failing to allege facts sufficient to support a plausible claim against Bender Management, LLC?

Defendant-Appellee answers: Yes.

II.   Did the trial court properly exercise its discretion in denying Ms. Johnson's request to amend her complaint, where the request was not made by proper motion and did not include a proposed amended complaint?

Defendant-Appellee answers: Yes.

## STATEMENT OF THE CASE

Bender Management, LLC ('Bender") terminated the employment of Amy Johnson, who then filed a conclusory complaint alleging racial discrimination and related claims. Bender buys and manages residential properties. Complaint, R. 1, Page ID # 2. Ms. Johnson is a Black woman who worked for Bender as a property manager. Complaint, R. 1, Page ID # 2. Ms. Johnson claims to have been "one of the only minorities working for" Bender. Complaint, R. 1, Page ID # 2.

Ms. Johnson had a disagreement with her White supervisor, Katelyn Hodge, over whether a permit was required to install a water heater. Complaint, R. 1, Page ID # 2-3. Following this dispute, Ms. Johnson "began to feel harassed by Hodge" and "increasing scrutiny of her work," including Ms. Hodge calling the office to confirm Ms. Johnson's presence and allegedly posting a "fake review" about Ms. Johnson on Google. Complaint, R. 1, Page ID # 3. Ms. Johnson also claims that Ms. Hodge "falsely accused" her of having a "boyfriend complete her work." Complaint, R. 1, Page ID # 3.

On July 23, 2023, Ms. Johnson's brother died, and she took bereavement leave. Complaint, R. 1, Page ID # 3. She returned to work

on July 26 but requested two additional days off to mourn. Complaint, R. 1, Page ID # 3. On August 1, 2023, Bender terminated Ms. Johnson for "unprofessionalism, attendance issues, and poor work performance." Complaint, R. 1, Page ID # 4.

Ms. Johnson's complaint also includes allegations that are vague and conclusory. Ms. Johnson alleges that individuals "of other races were permitted to remain employed despite known issues with their performance, while Plaintiff, who is African American, was terminated for made up reasons." Complaint, R. 1, Page ID # 4. She alleges that "Defendant had a practice of discriminating against African Americans and/or minority employees and treating them worse than white employees, including refusing to promote them at the same rate that they [sic] did white employees." Complaint, R. 1, Page ID # 4.

On October 21, 2024, Ms. Johnson filed a complaint ("Complaint") asserting claims against Bender for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), racial discrimination and retaliation under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), racial discrimination under 42 U.S.C. §

1981 ("Section 1981"), and wrongful discharge in violation of Michigan public policy. Complaint, R. 1, Page ID # 1-14.

Bender moved for judgment on the pleadings, arguing that Ms. Johnson's conclusory Complaint fails to allege facts sufficient to support any plausible claim for relief. Motion for Judgment on the Pleadings, R. 8, Page ID # 47-61. Ms. Johnson filed a four-page response brief, concluding with a request for leave to amend. Response, R. 15, Page ID # 123. She did not file a formal motion to amend or attach a proposed amended complaint. Response, R. 15, Page ID # 123.

After briefing and without oral argument, the trial court granted Bender's motion, concluding that Ms. Johnson's "allegations are vague, and they lack any supporting facts to make her claims plausible." Order, R. 19, Page ID # 137-145. The trial court ruled that her retaliation claims failed for lack of any allegation of protected activity. Order, R. 19, Page ID # 144. It declined to exercise supplemental jurisdiction over the state-law claim for wrongful discharge in violation of public policy.[1] Order, R. 19, Page ID # 145. The trial court also

---

[1] Ms. Johnson's appeal brief does not challenge the trial court's decision to dismiss her claim for wrongful discharge in violation of public policy. She is not appealing that issue. *See Doe v. Michigan State University*,

rejected Ms. Johnson's informal request to amend as improper. Order,

R. 19, Page ID # 145.

      This timely appeal followed.

---

989 F.3d 418, 425 (2021) (an "appellant abandons all issues not raised
and argued in its initial brief on appeal").

## <u>SUMMARY OF THE ARGUMENT</u>

The questions on appeal are: (1) whether Ms. Johnson's Complaint lacks sufficient factual allegations to support a reasonable inference of liability, as required under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and (2) whether the trial court properly exercised its discretion in denying Ms. Johnson's request to amend, where the request appeared as a single sentence at the end of her response to Bender's motion for judgment on the pleadings. The trial court correctly dismissed the Complaint for failure to state a claim and acted within its discretion in denying Ms. Johnson's request to amend. Its decision should be affirmed.

## STANDARD OF REVIEW

The court of appeals reviews *de novo* a district court's dismissal of a plaintiff's complaint under Fed. R. Civ. P. 12(c). *Bates v. Green Farms Condominium Association*, 958 F.3d 470, 479 (6th Cir. 2020). The court of appeals reviews a district court's order denying a request to amend for an abuse of discretion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

# ARGUMENT

## I. The trial court did not err in ruling that Ms. Johnson failed to state a claim.

### A. A complaint must allege specific facts that give rise to a reasonable inference of liability.

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), internal quotation marks and citation omitted. Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678. In ruling "on a motion to dismiss, courts are not bound to accept as true a legal

conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, internal quotation marks and citation omitted.

### B. The factual allegations in Ms. Johnson's Complaint do not support a reasonable inference of racial discrimination.

In deciding that Ms. Johnson's "allegations are vague, and they lack any supporting facts to make her claims plausible," the trial court followed this Court's authority in *Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012). According to *Keys*, "the Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims." *Id.* at 610, citations omitted. Ms. Johnson's Complaint "need not present detailed factual allegations," but "it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Bender discriminated against Ms. Johnson because of her race. *Id.*, citations and internal quotation marks omitted. If a reasonable court cannot "draw the necessary inference from the factual material stated in the complaint," then the plausibility standard has not been satisfied. *Id.*

Ms. Johnson argues on appeal that the trial court erroneously held her to a *prima facie* pleading standard. Plaintiff-Appellant's Corrected Brief on Appeal at p. 11. Not so. The trial court explained that Ms. Johnson "need not plead 'a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss.'" Order, R. 19, Page ID # 141. But "the standards in *Twombly* and *Iqbal*" still apply. Order, R. 19, Page ID # 141. The trial court stated and applied the law correctly.

Ms. Johnson also argues on appeal that her Complaint contains sufficient factual allegations to support a plausible inference of racial discrimination. Plaintiff-Appellant's Corrected Brief on Appeal at pp. 11 – 12. But she effectively abandons this argument by merely restating the Complaint's allegations without offering any substantive analysis. Plaintiff-Appellant's Corrected Brief on Appeal at pp. 11 – 12. As this Court has made clear, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995 – 96 (6th Cir. 1997), citation omitted. Ms. Johnson "offer[s] no real analysis," and thus waived any

challenge to the sufficiency of her racial discrimination claims. *Id.* at 995.

Regardless of the waiver issue, the trial court correctly concluded that the Complaint was insufficient. Courts apply the same standards to claims of racial discrimination under § 1981 and the ELCRA as they do to claims under Title VII. *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999). Title VII prohibits an employer from discharging or discriminating against an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Ms. Johnson is Black and alleges that she had a disagreement with her White supervisor. Complaint, R. 1, Page ID # 2. She claims to have begun "to feel harassed" through "increasing scrutiny of her work," including her supervisor calling the office to confirm her presence. Complaint, R. 1, Page ID # 3. She also alleges that a "fake review" appeared on Google and that her supervisor "falsely accused" her of having a boyfriend complete her work. Complaint, R. 1, Page ID # 3. While these allegations may indicate personal animus or workplace conflict, they do not raise a reasonable inference of racial discrimination.

The Complaint also contains conclusory allegations that the trial court properly disregarded. Ms. Johnson claims that "[i]ndividuals of other races were permitted to remain employed despite known issues with their performance, while Plaintiff who is African American, was terminated for made up reasons," and that "Defendant had a practice of discriminating against African Americans and/or minority employees and treating them worse than white employees, including refusing to promote them at the same rate that they [sic] did white employees." Complaint, R. 1, Page ID # 4.

The trial court correctly determined these allegations to be impermissibly conclusory. Order, R. 19, Page ID # 142. Ms. Johnson fails to identify the alleged comparators or provide examples that could elevate her claims from possible to plausible. Order, R. 19, Page ID # 142. The only example given – a vague allegation that Bender failed to promote minorities – is contradicted by her own admission in the Complaint that she "received promotions." Complaint, R. 1, Page ID # 2, 4. *See also* Plaintiff-Appellant's Corrected Brief on Appeal at p. 7 ("Plaintiff-Appellant consistently received promotions, bonuses, and favorable performance evaluations"). These conclusory and internally

inconsistent allegations are insufficient to support a claim of disparate treatment.

Ms. Johnson's Complaint, as indicated, "must allege sufficient factual content from which" a court "could draw the reasonable inference" that Bender discriminated against her because of her race. *Keys*, 684 F.3d at 610, citations and internal quotation marks omitted. This Court has held that allegations similar to Ms. Johnson's fail to create such an inference. In *Smith v. Wrigley Manufacturing Co., LLC*, 749 Fed. Appx. 446, 447 (6th Cir. 2018), the plaintiff alleged that younger employees "performing on a par" with her were retained while she was fired. The Court held that, absent additional facts, it could not infer that the plaintiff was fired because of her age. *Id.* at 448.

Similarly, in *Parker v. Hankook Tire Manufacturing Tennessee, LP*, No. 23-5208, 2023 WL 10404971 at *3 (6th Cir. Dec. 21, 2023), this Court affirmed the dismissal of age- and race-discrimination claims where the plaintiff's amended complaint contained only conclusory assertions of disparate treatment without factual support. The plaintiff failed to provide sufficient "factual allegations from which an inference of animus can be drawn, beyond his conclusory assertions that Hankook

treated him differently than similarly situated non-protected employees and took adverse employment actions against him despite his allegedly satisfactory job performance." *Id. See also House v. Rexam Beverage Can Co.*, 630 Fed. Appx. 461, 464 (6th Cir. 2015) (the plaintiff failed to plead sufficient facts to establish an inference of discrimination); *Downs v. Bel Brands USA, Inc.*, 613 Fed. Appx. 515, 519 (6th Cir. 2015) (conclusory allegations of discrimination cannot be the basis of a complaint); *Han v. University of Dayton*, 541 Fed. Appx. 622, 627 (6th Cir. 2013) (affirming dismissal of conclusory discrimination claims unsupported by specific facts).

Ms. Johnson's allegations fail the plausibility standard under *Twombly* and *Iqbal*. The trial court properly dismissed her discrimination claims.

### C. The factual allegations in Ms. Johnson's Complaint do not support a reasonable inference of unlawful retaliation.

Title VII and the ECLRA prohibit retaliation against employees engaging in "protected activity," which is defined as: (1) opposing employment practices made unlawful by Title VII or the ELCRA; or (2) participating in investigations or proceedings under these statutes. *See*

*Jackson v. Genesee County Road Commission*, 999 F.3d 333, 343 (6th Cir. 2021); 42 U.S.C. § 2000e-3(a); Mich. Compl. Laws § 37.2701(a). The only alleged "protected activity" here is a dispute over whether company policy required a permit before installing a water heater. Complaint, R. 1, Page ID # 3, 8-9. The trial court correctly concluded that Ms. Johnson "fails to explain how that company policy or permit involves race or discrimination or any protected activity" under Title VII or the ELCRA. Order, R. 19, Page ID # 144.

On appeal, Ms. Johnson argues that the disagreement about the water heater suffices as a protected activity. Plaintiff-Appellant's Corrected Brief on Appeal at p. 13. But her two-paragraph-long retaliation argument on appeal is undeveloped and thus waived. *See McPherson*, 125 F.3d at 995 – 96 (issues inadequately briefed are deemed waived). The trial court similarly found that her "three paragraphs in response to Defendant's retaliation claim arguments may as well be read as a waiver." Order, R. 19, Page ID # 144.

Ms. Johnson also offers no explanation for why a company policy dispute unrelated to discrimination qualifies under Title VII or the ELCRA. In contrast, her cited cases involved complaints about unlawful

discrimination. *See Redlin v. Grosse Pointe Public School System*, 921 F.3d 599, 613 (6th Cir. 2019) (retaliation claim for complaint about gender discrimination); *Jackson*, 999 F.3d at 344 (complaint and management of racial discrimination claims). Neither case supports her claim that insisting on a water heater permit constitutes protected activity under Title VII or the ELCRA.

Ms. Johnson's Complaint alleges no race-based complaints to Bender or any purported protected activity beyond the water heater dispute. Her retaliation allegations are conclusory and lack factual support, failing the *Twombly* and *Iqbal* standard and justifying dismissal.

## II.    Ms. Johnson did not make a proper motion to amend the Complaint, and the trial court was within its discretion when it denied her request to amend.

Rule 15(a)(2) requires that courts "freely give leave" to amend "when justice so requires." But that "liberal policy does not apply" when a plaintiff fails to file a proper motion for leave to amend. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). "A request for leave to amend almost as an aside," buried "in a memorandum in opposition to the defendant's motion to dismiss,"

rather than presented as a formal motion, "is not a motion to amend." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010), internal quotation marks and citations omitted. That is precisely what Ms. Johnson did here.

In *Kuyat*, the plaintiffs sought leave to amend in a single sentence at the end of their opposition brief, which this Court dismissed as "throwaway language." 747 F.3d at 444. The plaintiffs also failed to submit a proposed amended complaint. *Id.* "Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint," this Court held that "the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition." *Id. See also Mitchell v. City of Benton Harbor, Michigan*, 137 F.4th 420, 442 (6th Cir. 2025) ("we have refrained from applying this liberal policy of amendment when plaintiffs make only a cursory request for relief and fail to attach a copy of a proposed amended complaint"); *Swanigan v. FCA US LLC*, 938 F.3d 779, 789 – 90 (6th Cir. 2019) (same).

The trial court's denial of Ms. Johnson's request followed this precedent. After Bender filed its motion for judgment on the pleadings, Rule 15(a)(2) gave Ms. Johnson two options if she wished to amend her Complaint: seek Bender's written consent or file a proper motion for leave to amend. She did neither. Instead, she tacked on a single sentence at the end of her response brief: "However, to the extent the Court is inclined to dismiss any of Plaintiff's claims, Plaintiff respectfully requests leave to amend her complaint, pursuant to Fed. . [sic] Civ. P. 15, to clarify any concerns raised by the Court." Response, R. 15, Page ID # 123. She did not attach a proposed amended complaint, effectively asking the trial court to guess what additional allegations she might include in a hypothetical future pleading.

Under this Court's precedent, the trial court acted well within its discretion in concluding that this was "not a proper motion" and rejecting the request. Order, R. 19, Page ID # 145.

## III.   Conclusion.

The pleading standards under Rule 8, as confirmed in *Twombly* and *Iqbal*, "do not exist for their own sake. Discovery imposes costs— not only on defendants but also on courts and society. And plaintiffs can

use the threat of imposing these burdens to coerce defendants into settling." *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B*, 727 F.3d 502, 504 (6th Cir. 2013), citations omitted. Rule 8 "thus serves a vital practical function: It prevents plaintiffs from launching a case into discovery—and from brandishing the threat of discovery during settlement negotiations—when there is no reasonable likelihood that they can construct a claim from the events related in the complaint." *Id.*, citing *Twombly*, 550 U.S. at 558.

Here, stripped of legal conclusions, Ms. Johnson's racial discrimination allegations boil down to: she is Black, her boss is White, they disagreed about a water heater, and she subsequently felt harassed and scrutinized. Complaint, R. 1, Page ID # 2-3. These are the kind of "naked assertions devoid of further factual enhancement" that do not entitle a plaintiff to discovery. *Iqbal*, 556 U.S. at 678, cited in *Parker*, 2023 WL 10404971 at *3. Ms. Johnson similarly fails to show how her allegations about the water heater support her retaliation claims, because they do not. Finally, her challenge to the trial court's denial of leave to amend rests on an improper "throwaway" request and

is without merit. *Kuyat*, 747 F.3d at 444. Bender asks that this Court affirm the trial court's dismissal of the Complaint.

Maddin Hauser Roth & Heller, PC

By: */s/ Jesse L. Roth (P78814)*
Jesse L. Roth (P78814)
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7010
jroth@maddinhauser.com
Attorneys for Defendant-Appellee

Dated:  July 11, 2025

# <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitations imposed by Fed. R. App. Pro. 32(a)(7)(B), and the brief contains 3,866 words.

Maddin Hauser Roth & Heller, PC

By: */s/ Jesse L. Roth (P78814)*
Jesse L. Roth (P78814)
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7010
jroth@maddinhauser.com
Attorneys for Defendant-Appellee

Dated:  July 11, 2025

## DESIGNATION OF RECORD ON APPEAL

Pursuant to 6th Cir. R. 30(g), Defendant-Appellee designates the following filings in the district court for inclusion in the Record on Appeal in addition to those identified in Plaintiff-Appellant's Designation of Record:

| Record Entry No. | Description of Document | Page ID No. |
|---|---|---|
| 1 | Complaint | 1-14 |
| 6 | Bender's Answer to Complaint | 17-40 |
| 8 | Bender's Motion for Judgment on the Pleadings | 47-61 |
| 15 | Plaintiff's Response in Opposition to Bender's Motion for Judgment on the Pleadings | 120-124 |
| 18 | Reply in Support of Bender's Motion for Judgment on the Pleadings | 131-136 |
| 19 | Order | 137-145 |
| 20 | Judgment | 146 |

# CERTIFICATE OF SERVICE

I certify that on <u>July 11, 2025</u>, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid to their address of record.

Maddin Hauser Roth & Heller, PC


By: */s/ Jesse L. Roth (P78814)*
Jesse L. Roth (P78814)
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 351-7010
jroth@maddinhauser.com
Attorneys for Defendant-Appellee

Dated:  July 11, 2025